Delton M. Gilliland Osage County Counselor Post Office Box 250 Lyndon, Kansas 66451
Dear Mr. Gilliland:
On behalf of the Board of County Commissioners of Osage County, you request our opinion regarding a levy to pay expenses associated with a sewer district formed pursuant to K.S.A.19-27a01 et seq. You indicate that a petition requesting the creation of the sewer district was filed with the Board of County Commissioners of Osage County, Kansas. The Board formed the sewer district and contracted with an engineering firm for detailed design work. Several years after the district's creation, the Board of County Commissioners found the project not to be feasible because of the excessive cost of construction. The Board has incurred more than $60,000 in engineering fees, and requests our opinion regarding the levy of a special assessment to pay this expense. For purposes of this opinion, we assume that the County complied with all statutory requirements in creating the district. Your specific questions are:
 "1. Is the special levy against all the real property in the district or only against the property of those who signed the petition?
 "2. How is a levy made against property which belonged to signers of the petition who have died or since conveyed their real property?
 "3. Must the levy be on an ad valorem basis, or may it be an equal amount per tract?"
Your first question is prompted by two different methods of assessment specified in the sewer act.[1] K.S.A. 19-27a03
requires that the petition requesting the creation of a sewer district include a statement that if the board of county commissioners determines the improvement project is not feasible, all costs, including preliminary planning, should be assessed against the property of the persons signing the petition. However, K.S.A. 19-27a04 states that:
 "After a sufficient petition is filed with the board, but prior to creating a sewer district, the board of county commissioners shall have a preliminary survey and plan prepared to gather data and information relating to the possible creation of the district. . . . If the board of county commissioners determines that a project is not feasible, all the cost and expenses of the work, including preliminary planning . . . shall be assessed against the lots and pieces of property located within the district. . . ." (Emphasis added.)
K.S.A. 19-27a06 contains a similar provision to that quoted above:
 "(a) The board of county commissioners may create a sewer district by resolution passed at any time within one year after the conclusion of the public hearing required herein.
. . . .
 "(c) If the governing body determines that the continuation of the project is not feasible, all costs and expenses of the project, including preliminary planning, engineering, legal and work of other skilled persons employed by the governing body shall be assessed against the lots and pieces of property within the district. . . ." (Emphasis added.)
The provisions of K.S.A. 19-27a03 and 19-27a04 apply when a board of county commissioners determines prior to the creation of a sewer district that the sewer project is not feasible. K.S.A.19-27a06 applies when the board makes the determination that it is not feasible to continue the project after it has created the sewer district. Therefore, because Osage County determined that the project was not feasible after it created the sewer district, it should assess the costs against all of the pieces of property within the district pursuant to the provisions of K.S.A.19-27a06(c).
Because the costs are to be assessed against all of the pieces of property in the sewer district rather than against the property of the signers of the petition, your second question is rendered moot.
Your last question regards the method of assessment. K.S.A.19-27a06 states in relevant part as follows:
 "The special assessment shall be levied and assessed as one tax, in addition to other taxes and special assessments. Upon the order of the governing body, the county clerk shall place the special assessment upon the tax roll for collection subject to the same rebate and collected in the same manner as other taxes."
A local government's foundation of power to make a special assessment for a local improvement, including a sewer district, is that the property against which the assessment is levied derives some special benefit from the improvement, so that a special assessment is in the nature of a tax levied against property according to the benefits conferred.[2] In Mullins v. City ofEl Dorado,[3] a group of property owners challenged a special assessment made against their properties for financing the construction of a sanitary sewer system. Although the special assessment in Mullins was made by a city, the statute that provided authority to the city for making the special assessment was similar to the language of K.S.A. 19-27a06. In upholding the city's assessment plan, the Court explained that where the statute does not prescribe a specific method for apportioning costs, "the municipality may adopt any plan that is fair and equitable and such that will bring about an assessment in proportion to the benefits accruing."[4] The Court concluded that:
 "The adoption of an appropriate plan in accordance with applicable statutory authority conferred by the legislature called for the exercise of discretion and judgment by the municipal authorities, whose decision, rendered in good faith, free from fraud, must be regarded as final and not subject to review by the courts."[5]
Because the statute does not provide a method of assessment, the Board of County Commissioners of Osage County may determine an assessment plan that is fair and equitable to collect expenses associated with the sewer district.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 19-79a01 et seq.
[2] Mullins v. City of El Dorado, 200 Kan. 336, 341 (1968);see also Appeal of Boeing Co., 261 Kan. 508, 516 (1997).
[3] 200 Kan. 336 (1968).
[4] Mullins, 200 Kan. at 343.
[5] Id. at 348.